1  David Eisen (SBN 100623)
   david.eisen@wilsonelser.com
2  Adam LeBerthon (SBN 145226)
   adam.leberthon@wilsonelser.com
3  Amy Choe (SBN 299870)
4  amy.choe@wilsonelser.com
   **WILSON, ELSER, MOSKOWITZ,**
5      **EDELMAN & DICKER LLP**
   555 South Flower Street, Suite 2900
6  Los Angeles, California 90071
7  Tel:   (213) 443-5100
   Fax:   (213) 443-5101
8  Attorneys for Defendants

9
   LAW OFFICE OF MARVIN B. ADVIENTO
10 Marvin B. Adviento, Esq. (Bar No. 240315)
   1 Park Plaza, Suite 600
11 Irvine, CA 92614
12 T: (949) 677-7008
   F: (949) 610-7397
13 E: madviento@mbalegal.net
   Attorneys for Plaintiff, Guadalupe Martinez
14

15               **UNITED STATES DISTRICT COURT**

16               **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUADALUPE MARTINEZ, an individual | Case No: 5:19-cv-01674-JGB-KK |
| | Judge: Hon. Jesus Bernal |
| Plaintiff, | Magistrate Judge: Hon. Kiya Kenly Kato |
| v. | Complaint Filed: September 3, 2019 |
| SOLARI ENTERPRISES, INC., a California Corporation; ALLANZA APARTMENT HOMES; a business entity, form unknown; ABEL V. CORONADO, an individual, and DOES 1 through 50, inclusive; | **STIPULATION TO DISMISS ACTION WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(2).** |
| Defendants. | |

1       Pursuant to Federal Rule of Civil Procedure 41(a)(2), this Stipulation is made by and between Plaintiff Guadalupe Martinez ("Plaintiff") and Defendants Solari Enterprises, Inc., Allanza Apartment Homes, and Abel V. Coronado ("Defendants"). Plaintiff and Defendants are collectively referred to as "Parties."

## STIPULATION

1. On September 3, 2019, Plaintiff filed a complaint against Defendants alleging claims arising out of housing discrimination and breach of implied covenant of habitability ("Complaint").

2. On November 18, 2019, Defendants answered the Complaint.

3. The Parties have since then settled, and have subsequently executed a settlement agreement.

4. Pursuant to the settlement agreement, the Parties request that this Court dismiss this action in its entirety with prejudice, with each side to bear their own fees and costs.

5. Under Fed. R. Civ. P. 41(a)(2) and *Kokkonen v. Guardian Life Ins., Co. of America*, 511 U.S. 375 (1994), the Parties also respectfully request that this Court retain jurisdiction for purposes of enforcing the terms of the settlement agreement for the following reasons: In relevant part, the settlement agreement requires Plaintiff to vacate Defendants' apartment complex within 90 days, and part of Defendants' settlement payment to Plaintiff is predicated on Plaintiff meeting this condition. The Court's retention of jurisdiction for the limited purpose of enforcing the settlement terms will promote judicial economy and save the Parties' time and expenses while ensuring that the Parties will fully comply with the multiple steps required to consummate the settlement.

///
///
///
///

1 | Respectfully submitted,

2 | Dated: November 6, 2020                WILSON, ELSER, MOSKOWITZ,
3 |                                                              EDELMAN & DICKER LLP

5 |                                                   By: */s/ Amy Choe*
6 |                                                        David S. Eisen
   |                                                        Amy Choe
7 |                                                        Attorneys for Defendants,
   |                                                        Solari Enterprises, Inc., Allanza
8 |                                                        Apartment Homes, and Abel V. Coronado

9 | Dated: November 6, 2020                LAW OFFICE OF
10|                                                             MARVIN B. ADVIENTO

12|                                                  By: */s/ Marvin B. Adviento*
13|                                                       Marvin B. Adviento
   |                                                       Attorney for Plaintiff,
14|                                                       Guadalupe Martinez

I, Amy Choe, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing of the instant document, under L.R. 5-4.3.4.

STIPULATION TO DISMISS ACTION WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(2)

3782698v.1